

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT,
IN AND FOR BREVARD COUNTY, FLORIDA

CASE NO  05-2011- CA-015511-XXXX-XX

RICHARD J HORNBECK, an individual, and
SUSAN A HORNBECK, an individual,

    Plaintiffs,

vs

SANTANDER CONSUMER USA, INC,
an Illinois corporation, and CITIFINANCIAL
AUTO LTD , a Minnesota corporation,

    Defendants

_____/

## AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiffs, Richard J Hornbeck, an individual, and Susan A Hornbeck, an individual, sue Defendants, Santander Consumer USA, Inc , an Illinois corporation, and CitiFinancial Auto, Ltd , a Minnesota corporation, and allege

### INTRODUCTION

1    This is an action seeking injunctive and monetary relief to redress an unlawful and deceptive pattern of wrongdoing followed by Defendants with respect to the repossession of the vehicle of Plaintiffs

2    As more particularly described below, Defendants repossessed the vehicle of Plaintiffs without notice despite the fact that Plaintiffs were not in default under the finance agreement of which the vehicle was security for  As a result, Plaintiffs are advancing claims against Defendants for *inter alia* violation of state and federal consumer protection laws, seeking

-1-

Case # 05 2011 CA-015511-XXXX-XX
Document Page # 4
017811622

pcs5sam

damages and injunctive relief with respect to the repossession of their vehicle

## ALLEGATIONS AS TO PARTIES

3. At all times material hereto, Plaintiffs, Richard J Hornbeck and Susan A Hornbeck ("the Hornbecks") were *sui juris* and residents of Palm Bay, Brevard County, Florida

4. At all times material hereto, Defendant, Santander Consumer USA, Inc ("Santander Consumer"), is and was an Illinois corporation doing business in Brevard County, Florida

5. At all times material hereto, CitiFinancial Auto Ltd ("CitiFinancial"), is and was a Minnesota corporation doing business in Brevard County, Florida

6. At all times material hereto, CitiFinancial is and was engaged in the business of a "sales finance company" as said term is defined under Florida Statute §520 02(19)

7. At all times material hereto, Santander Consumer is and was engaged in the collection of consumer debts owed or asserted to be owed to another — in the instant case CitiFinancial — using instrumentalities of interstate commerce, including the telephone or the mails

8. All acts and omissions of any employee, agent or representative of Defendants detailed herein were within the scope of the employment and authority of the employee, agent or representative and were committed with actual, constructive or implied knowledge and consent of Defendants or were subsequently ratified by Defendants

9. Defendants are properly subject to jurisdiction in the State of Florida pursuant to the Florida Long Arm Jurisdiction Statute as a result of the performance of acts causing injury to persons within the State of Florida

## FACTUAL ALLEGATIONS

### Financial Difficulties of the Hornbecks

10    On or about February 7, 2005, the Hornbecks entered into a retail installment sale contract ("Hornbeck RISC")

11    A true and correct copy of the Hornbeck RISC is attached hereto and incorporated herein as Exhibit "A"

12    Pursuant to the Hornbeck RISC, the Hornbecks financed the purchase of a new 2005 Dodge Magnum, VIN 2D4GV582X5H637938 ("Vehicle"), for their personal, family and household purposes

13    Subsequent to the purchase of the Vehicle, the Hornbeck RISC was assigned to CitiFinancial Auto, Ltd ("CitiFinancial")

14    As the result of a decline in family finances, on March 17, 2008, the Hornbecks were compelled to file a bankruptcy petition under Chapter 13 in that certain case styled *In Re Rick J Hornbeck, et ux*, in the United States Bankruptcy Court, Middle District of Florida, Case No 08-BK-01988-KSJ ("Hornbeck Bankruptcy")

15    As a result of the Hornbeck Bankruptcy, the Hornbecks obtained confirmation of a bankruptcy plan ("Hornbeck Bankruptcy Plan") which provided that the Hornbecks would pay the sum of Four Hundred Sixty-One and 27/100ths Dollars ($461 27) to CitiFinancial as and for their monthly installment payment on the Vehicle

### Modification of Vehicle Finance Agreement

16    The Hornbeck Bankruptcy was dismissed on June 15, 2010 as a result of the inability of the Hornbecks to perform under the Hornbeck Bankruptcy Plan

-3-

17. Subsequent to the dismissal of the Hornbeck Bankruptcy, on or about July 1, 2010, the Hornbecks contacted CitiFinancial to discuss the future performance of the Hornbecks under the Hornbeck RISC

18. At the aforementioned time, the Hornbecks spoke with an employee of CitiFinancial, to-wit Joshua Adams ("Mr Adams")

19. At all times material hereto, Mr Adams had the actual, implied or apparent authority to act on behalf of CitiFinancial All acts and omissions of Mr Adams were ratified by CitiFinancial to the extent that CitiFinancial and its purported assignee(s) is equitably estopped from taking any action contrary to the actions or omissions of Mr Adams

20. After discussing the financial circumstances of the Hornbecks, Mr Adams represented to the Hornbecks that CitiFinancial would agree to modify the Hornbeck RISC to accommodate the limited financial means of the Hornbecks ("RISC Modification Agreement")

21. Pursuant to the RISC Modification Agreement, the Hornbecks agreed to pay to CitiFinancial at a minimum the same amount that the Hornbecks had paid during the Hornbeck Bankruptcy, to-wit Four Hundred Fifty Six Dollars ($456 00)

22. At the time the Hornbecks entered into the RISC Modification Agreement, Mr Adams represented to the Hornbecks that CitiFinancial would not take any action with respect to repossessing the Vehicle provided the Hornbecks timely made the payments under the RISC Modification Agreement

23. Subsequent to the RISC Modification Agreement, the Hornbecks paid Five Hundred Dollars ($500 00) per month in order to more expeditiously reduce the principal indebtedness owed to CitiFinancial

-4-

24    Since after entering into the RISC Modification Agreement, the Hornbecks paid to CitiFinancial the sum of Five Hundred Dollars ($500.00) each month. The last payment made by the Hornbecks was for the month of January, 2011 by electronic funds transfer on January 14, 2011.

### Wrongful Repossession and Collection Activities by Defendants

#### Santander Consumer as a Debt Collector

25    Unbeknownst to the Hornbecks, CitiFinancial contracted with Santander Consumer to collect monies under the Hornbeck RISC under unknown terms. According to Santander Consumer, the purported transfer of collection activities occurred on or about September 6, 2010.

26    The retention of Santander Consumer by CitiFinancial was part of a transaction that involved the assignment to Santander Consumer for collection of $7.2 billion of auto loans — many of which were in default — by CitiFinancial.

27    At no time prior to the repossession of the Vehicle did either Defendant send or cause to be sent to the Hornbecks any notice of the transfer of the collection rights to Santander Consumer.

28    At no time prior to the repossession of the Vehicle did either Defendant contact or otherwise inform the Hornbecks that the Hornbecks were in default under the Hornbeck RISC or were in jeopardy of having the Vehicle repossessed.

#### Unlawful Repossession

29    In the early morning hours of Friday, January 28, 2011, Santander Consumer repossessed the Vehicle from the residence of the Hornbecks in Palm Bay, Brevard County,

Florida

30  At the time of the repossession of the Vehicle, the Hornbecks were current in the payment of their obligation under the Hornbeck RISC as modified by the RISC Modification Agreement

31  The Hornbecks discovered that the Vehicle had been taken from their residence when Mr Hornbeck left the house to go to work in the morning

32  Over the next several hours, the Hornbecks made numerous telephone calls to *inter alia* the Brevard County Sheriff's Office and CitiFinancial  To the great surprise of the Hornbecks, the telephone number of CitiFinancial which was dedicated to inquiries by consumers such as the Hornbecks referred the Hornbecks and persons similarly situated to an alternative telephone number, to wit  (866) 703-2050 or (888) 437-4846

33  When the Hornbecks called the alternative telephone number, a person identifying himself as "Shane" answered the telephone and informed the Hornbecks that he was an employee of Santander Consumer which was collecting on the account represented by the Hornbeck RISC from CitiFinancial

34  When the Hornbecks informed "Shane" that the Vehicle had been repossessed and that the Hornbecks had received absolutely no notice whatsoever from Santander Consumer with respect to its acquisition of the Hornbeck RISC, "Shane" related to the Hornbecks that it was not the responsibility of Santander Consumer to notify the Hornbecks that Santander Consumer was collecting on the loan represented by the Hornbeck RISC  According to "Shane," CitiFinancial was responsible for notifying the Hornbecks and all other persons similarly situated

35  When the Hornbecks informed "Shane" that the Hornbecks had entered into the

RISC Modification Agreement described above, "Shane" denied having any knowledge of the agreement

36   Apparently sensing that the Hornbecks' Vehicle had been improperly repossessed, "Shane" placed the Hornbecks on hold

37   After the passage of several minutes, "Shane" returned to the telephone call with the Hornbecks and informed the Hornbecks that the Vehicle would be returned to the Hornbecks provided the Hornbecks paid the sum of Seventeen Thousand ($17,000 00) Dollars in satisfaction of the Hornbeck RISC ("Payoff Demand")

38   In light of the RISC Modification Agreement and the course of dealing between the Hornbecks and CitiFinancial, the Payoff Demand was an unlawful attempt to collect monies that were not presently owed to CitiFinancial

### *Noncompliance with the Uniform Commercial Code*

#### *Absence of Default*

39   The consumer transaction represented by the Hornbeck RISC is subject to the requirements of Chapter 679, Uniform Commercial Code ("UCC"), including the provisions of Part VI with respect to default

40   Florida Statute §679 609 provides that a secured party has a right to take possession of collateral only after default

41   As the Hornbecks were not in default in payment of the Hornbeck RISC as modified, CitiFinancial did not have the right to take possession of the Vehicle after default pursuant to Florida Statute §679 609

-7-

*Non-Compliant Notice of Disposition*

42. On or about January 28, 2011, Santander Consumer sent or caused to be sent to the Hornbecks a notice advising Plaintiffs of its intent to dispose of the Vehicle in purported compliance with the requirements of the Uniform Commercial Code ("Notice of Sale")

43. A true and correct copy of the Notice of Sale is attached hereto and incorporated by reference as Exhibit "A."

44. The Notice of Sale fails to comply with Article IX, Part VI, Uniform Commercial Code ("UCC")(revised) in that the Notice of Sale failed to describe the secured creditor, as required by §679.613(1)(a), Florida Statute, to-wit CitiFinancial

45. The Notice of Sale falsely, deceptively and/or misleadingly represented to the Hornbecks as the least sophisticated consumer that Santander Consumer was the creditor which owned the Hornbeck RISC and to whom the Hornbecks had a contractual relationship with when in fact the creditor to whom the Hornbecks had a contractual relationship and owed money was CitiFinancial

46. The Notice of Sale does not disclose the identity of CitiFinancial as a party having an interest in the collateral represented by Vehicle pursuant to Florida Statute §679.611(3)

47. The Hornbecks were unaware that CitiFinancial remained the secured party under the UCC until after filing and service of the initial Complaint in the instant action

## COUNT I - ACTION FOR VIOLATION OF ARTICLE IX, PART VI OF U.C.C
*(AS TO CITIFINANCIAL ONLY)*

48. This is an action for violation of Article IX, Part VI of the UCC, seeking damages in excess of Fifteen Thousand Dollars ($15,000), exclusive of interest, costs and attorney's fees

-8-

49   The Hornbecks reallege and reaffirm the allegations contained in Paragraphs 1 through 47 above as if set forth hereat in full

50   At all times material hereto, the Vehicle was a "consumer good" as said term is defined under the UCC

51   The taking of the Vehicle in the absence of a default by the Hornbecks was contrary to the requirements of Florida Statute §679 609

52   As a direct and proximate result of the above described conduct, CitiFinancial has violated the procedures set forth under Article IX, Part VI, Uniform Commercial Code

53   As a direct and proximate result of the violation of Article IX, Part VI of the UCC by CitiFinancial, Plaintiffs have the right to recover damages for any loss caused by the failure of CitiFinancial to comply with the provisions of the UCC, in any event in an amount not less than the credit service charge plus ten percent (10%) of the principal amount of the debt or the time-price differential plus ten percent (10%) of the cash price as set forth under Florida Statutes §679 625(3)(b)

54   Plaintiffs have employed the undersigned law office to represent their interest herein and are obligated to pay said law office a reasonable fee for its services

WHEREFORE, Plaintiffs, Richard J Hornbeck, an individual, and Susan A Hornbeck, an individual, demand judgment in their favor against Defendant, CitiFinancial Auto, Ltd, a Minnesota corporation, for damages, together with interest, court costs and attorney's fees pursuant to Florida Statutes §57 105(7)

pcs5sam

## COUNT II - ACTION FOR EQUITABLE RELIEF (U.C.C.)
### *(AS TO CITIFINANCIAL ONLY)*

55. This is an action for equitable relief pursuant to Florida Statute §679.625, involving an amount in controversy in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of interest and costs.

56. The Hornbecks reallege and reaffirm the allegations contained in Paragraphs 1 through 47 above as if set forth hereat in full.

57. As detailed above, CitiFinancial has acted wrongfully with respect to the taking of collateral represented by the Hornbeck RISC.

58. Pursuant to Florida Statute §679.625, if it is established that a secured party is not proceeding in accordance with Article IX, Part VI of the UCC, the court may enter an order restraining collection, enforcement or disposition of collateral of appropriate terms and conditions.

59. The Hornbecks do not have an adequate remedy at law with respect to the disposition of the Vehicle.

60. The Hornbecks will suffer irreparable injury if CitiFinancial is not enjoined from disposing of the Vehicle.

WHEREFORE, Plaintiffs, Richard J. Hornbeck, an individual, and Susan A. Hornbeck, an individual, respectfully move this Court for an order enjoining Defendant, CitiFinancial Auto, Ltd., a Minnesota corporation, from disposing of the Vehicle or acting in a manner contrary to the requirements of the Uniform Commercial Code with respect to the disposition of same.

ocs5sam

### COUNT III - ACTION FOR EQUITABLE RELIEF (COMMON LAW)
### *(AS TO CITIFINANCIAL ONLY)*

61. This is an action for common law equitable relief involving an amount in controversy in excess of Fifteen Thousand Dollars ($15,000 00), exclusive of interest and costs

62. The Hornbecks reallege and reaffirm the allegations contained in Paragraphs 1 through 47 above as if set forth hereat in full

63. As detailed above, CitiFinancial repossessed the Vehicle without good cause or justification and without compliance under the UCC

64. The Hornbecks do not have an adequate remedy at law with respect to the intended sale of the Vehicle

65. The Hornbecks will suffer irreparable injury if CitiFinancial is allowed to the sell the Vehicle

WHEREFORE, Plaintiffs, Richard J Hornbeck, an individual, and Susan A Hornbeck, an individual, demand judgment for injunctive relief, both temporary and permanent, against Defendant, CitiFinancial Auto, Ltd, a Minnesota corporation, and for such other and further relief as justice may require

### COUNT IV - ACTION FOR VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT
### *(AS TO BOTH DEFENDANTS)*

66. This is an action for violation of Florida Statute Chapter 559, *et sequi*, known more commonly as the "Florida Consumer Collection Practices Act" ("FCCPA"), seeking damages in excess of Fifteen Thousand Dollars ($15,000 00), exclusive of interest, costs and attorney's fees

67    The Hornbecks reallege and reaffirm the allegations contained in Paragraphs 1 through 47 above as if set forth hereat in full

68    At all times material hereto, any monies purportedly owed under the Hornbeck RISC constituted a "debt" or "consumer debt" as defined under Florida Statute §559 55(1)

69    At all times material hereto, the Hornbecks were "debtor(s)" or a "consumer debtor(s)" as defined under Florida Statute §559 55(2)

70    At all times material hereto, CitiFinancial was a "creditor" as defined under Florida Statute §559 55(3)

71    At all times material hereto, Santander Consumer was a "debt collector" as defined under Florida Statute §559 55(6)

72    As more particularly described above, Defendants have violated the FCCPA in the following respects

  A    Willfully engaged in conduct which can reasonably be expected to abuse or harass the Hornbecks as debtors in contravention of Florida Statute §559 72(7), and

  B    Asserted the existence of a legal right, to-wit the right to seize the Vehicle and demand payment of the accelerated balance of the Hornbeck RISC, when Defendants knew that the right did not exist

73    As a direct and proximate result of the violation of the FCCPA by Defendants, the Hornbecks are entitled to recover actual, statutory and punitive damages, together with attorney's fees and court costs pursuant to Florida Statute §559 72

WHEREFORE, Plaintiffs, Richard J Hornbeck, an individual, and Susan A Hornbeck,

ocs5sam

an individual, demand judgment for damages against Defendants, CitiFinancial Auto, Ltd., a Minnesota corporation, and Santander Consumer USA, Inc., an Illinois corporation, together with attorney's fees and costs.

## COUNT V - ACTION FOR VIOLATION OF FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C §1692, ET SEQUI) (AS TO SANTANDER CONSUMER ONLY)

74   This is action for violation of 15 U S C §1692, *et sequi*, known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA"), seeking damages in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of interest, costs and attorney's fees.

75   The Hornbecks reallege and reaffirm the allegations contained in Paragraphs 1 through 47 above as if set forth hereat in full.

76   At all times material hereto, the Hornbecks were "consumer(s)" as said term is defined under 15 U S C §1692a(3).

77   At all times material hereto, CitiFinancial was a "creditor" as said term is defined under 15 U S C §1692a(4).

78   At all times material hereto, the Hornbeck RISC was a "debt" as said term is defined under 15 U S C §1692a(5).

79   At all times material hereto, Santander Consumer was a "debt collector" as said term is defined under 15 U S C §1692a(6).

80   As more particularly described above, Santander Consumer has violated the FDCPA in that Santander Consumer has

  (a)   engaged in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in contravention of 15

-13-

U S C §1692d,

 (b) used false, deceptive, or misleading representations in connection with the collection of any debt in contravention of 15 U S C §1692e,

 (c) made a false representation of the character, amount or legal status of any debt in contravention of 15 U S C §1692e(2)(A),

 (d) used false representations or deceptive means to collect or attempt to collect a debt in contravention of 15 U S C §1692e(10), and

 (e) used unfair or unconscionable means to collect or attempt to collect a debt in contravention of 15 U S C §1692f

81 15 U S C §1692g(a) provides, in pertinent part, the following

<u>Notice of Debts, Contents</u>

Within five days after the initial communication from the consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer written notice containing

(1) The amount of the debt,

(2) The name of the creditor to whom the debt is owed,

(3) A statement that unless the consumer, within thirty days after receiving the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector,

(4) A statement that if the consumer notifies the debt collector in writing within the thirty day period, the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector, and

15

(5) A statement that upon the consumer's written request within the thirty day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor

82  Santander Consumer failed to provide notice the Hornbecks of their right to debt verification as required under the FDCPA in violation of 15 U S C §1692g

83  As a direct and proximate result of the violation of the FDCPA by Santander Consumer, the Hornbecks have been damaged The damages of the Hornbecks include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment

84  Pursuant to 15 U S C §1692k, the Hornbecks are entitled to recover actual damages together with statutory damages of $1,000 00, along with court costs and reasonable attorneys fees

85  The Hornbecks have retained the undersigned law office to represent their interests herein and are obligated to pay said law office a reasonable fee for its services

WHEREFORE, Plaintiffs, Richard J Hornbeck, an individual, and Susan A Hornbeck, an individual, demand judgment against Defendant, Santander Consumer USA, Inc , an Illinois corporation, for actual and statutory damages, together with interest, costs and attorneys fees pursuant to 15 U S C §1692k, and for such other and further relief as justice may require

### DEMAND FOR JURY TRIAL

Plaintiffs, Richard J Hornbeck and Susan A Hornbeck, pursuant to Rule 1 431, Florida, Rules of Civil Procedure, demand a trial by jury of all issues so triable

_____
ROBERT W MURPHY
Florida Bar No 717223
1212 S E 2nd Avenue
Ft Lauderdale, FL 33316
(954) 763-8660 Telephone
(954) 763-8607 Telefax
Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by telefax and regular U S Mail on June 15, 2011 to R Frank Springfield, Esquire, c/o Burr & Forman LLP, 420 North 20th Street, suite 3400, Birmingham, AL 35203

_____
Attorney